## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-68-SPM |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Antoine Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On May 6, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as time barred.  ECF No. 4.  The Court has reviewed Petitioner's response (ECF No. 5) to the Show Cause Order and finds it unpersuasive.  The § 2254 Petition in this case was filed approximately sixteen years late and there is no basis to warrant equitable tolling.  As such, the petition for writ of habeas corpus will be denied and dismissed as time barred.

### Background

Based on an independent review on Case.net, Missouri's online case management system, Petitioner was found guilty by a Missouri jury on August 24, 2000, of first-degree murder, first-degree assault, and two counts of armed criminal action.  *State v. Johnson*, No. 22991-02843-01 (22nd Jud. Cir., 1999).  Petitioner was sentenced on October 6, 2000, to three terms of life without parole and one term of fifteen years, to run consecutively.  These convictions and sentences were affirmed on appeal.  *State v. Johnson*, No. ED78632, 62 S.W.3d 496 (Mo. Ct. App. 2001).  Petitioner filed a motion to transfer to the Missouri Supreme Court for rehearing, which was denied

on December 6, 2001. That denial was affirmed on appeal on January 22, 2002. The appellate court issued its mandate on the direct appeal affirmance on January 25, 2002.

On May 2, 2002, Petitioner filed a motion for post-conviction relief in state court. *Johnson v. State*, No. 2202P-04238 (22nd Jud. Cir., 2002). The motion was denied on August 29, 2005, and Petitioner did not file an appeal. However, many years later on May 31, 2023, Petitioner filed another motion for post-conviction relief in state court, in reference to the same criminal conviction. *Johnson v. State*, No. 2322-CC01163 (22nd Jud. Cir., 2023). On October 26, 2023, the state court denied and dismissed the motion as both out of time and a prohibited successive motion.

While Petitioner's second post-conviction motion was pending in state court, he filed a petition for writ of habeas corpus under § 2254 with this Court. *Johnson v. Stange*, No. 1:23-cv-165-SPM (E.D. Mo. filed Sept. 21, 2023). On October 2, 2023, the Court issued a Show Cause Order, directing Petitioner to explain why his § 2254 petition should not be dismissed for failure to exhaust state court remedies, as he had a pending motion for post-conviction relief in state court. *Id.* at ECF No. 3. In response, Petitioner asked that his federal habeas case be dismissed. *Id.* at ECF No. 4. This Court granted that voluntary dismissal on October 20, 2023. *Id.* at ECF No. 6. Six days later, Petitioner's motion for post-conviction relief was denied by the state court.

### The Current § 2254 Petition

Petitioner initiated this § 2254 action with the same petition he filed in September 2023 to initiate his first § 2254 before this Court. *Compare* ECF No. 1, *with Johnson v. Stange*, No. 1:23-cv-165-SPM, at ECF No. 1. Both petitions seek relief on four grounds: (1) due process violations based on an alleged *Brady* violation at trial; (2) a faulty jury instruction regarding burden of proof; (3) an unfair jury resulting from the State disqualifying all potential black jurors; and (4)

ineffective assistance of counsel from trial counsel's failure to investigate all witnesses. ECF No. 1 at 4-9. On the section of the petition regarding 'Timeliness,' Petitioner wrote:

> Petitioner has filed on numerous occasions with the state court and the Court will not even answer Petitioner any longer. Case law makes clear that state law remedy can become ineffective or unavailable by virtue of delay [that] is both inordinate and attributable to the state. Third party caused delay.

*Id.* at 11. According to the signature page, the petition was placed in the prison mailing system on July 24, 2023.[1]  *Id.* at 12.

### Petitioner's Show Cause Response

On May 28, 2024, Petitioner filed a response to the Court's Order to Show Cause. ECF No. 5. Initially, Petitioner states that he was "abandoned by numerous attorneys" and "third party interference" caused his late filing. *Id.* at 1. However, Petitioner then goes on to explain how he did "everything in his control" to get his "29.15 post conviction motion" to the state court on time. *Id.* at 1-2. He argues that "state remedies" are "ineffective or unavailable" and, therefore, he should be "allowed to proceed straight to Federal Court under § 2254." *Id.* Petitioner's response does not appear to explain the late filing of his §2254 Petition at all, but instead addresses the timing of his filings in state court.

### Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C.

---

[1] Because the petition filed in the instant action is the same as the one filed in Petitioner's first § 2254 action, this July 2023 date appears to reflect the date on which Petitioner mailed in the first petition in Case no. 1:23-cv-165-SPM. That petition was not received by the Court until September 24, 2023, however. *Id.* at ECF No. 1.

§ 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under Missouri court rules, a party may appeal from a judgment by filing a notice of appeal not later than ten (10) days after the judgment becomes final. Mo. Sup. Ct. R. 81.04(a). *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending, however. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it, but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). In addition, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

**Discussion**

The instant § 2254 petition was filed out of time. Petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on October 16, 2001. Petitioner's motion for transfer was denied on December 6, 2001, and his appeal of that denial was denied on January 22, 2002. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, the one-year limitations period began running ninety days after his motion was denied, or April 22, 2002.

Petitioner did not file his first motion for post-conviction relief in state court until May 2, 2002. As explained above, Petitioner's post-conviction proceedings were not "pending" between April 22 and May 2, 2002, so this 10-day period counts toward Petitioner's one-year statute of limitations under the AEDPA. On August 29, 2005, when the post-conviction mandate was issued, Petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because ten days of the one-year period had already run, Petitioner needed to file his § 2254 petition within 355 days of the August 29, 2005 mandate, or by approximately August 19, 2006.

"[A] *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In this case, Petition filed the same petition that he filed in his prior § 2254 case. Although Petitioner did not include his original § 2254 case number on the recent petition filing, he did attach a letter to the petition stating that he "would like to refile [his] habeas pursuant to 2254" and he included a document from his prior § 2254 case. *See* ECF Nos. 1-2 & 1-3. As such, even if the Court were to liberally construe the instant § 2254 petition as a motion to reopen Petitioner's original § 2254 case, the petition would still be late. Petitioner states on both petitions that he

delivered them to prison authorities for mailing on July 24, 2023. As such, the Petitions were filed over sixteen (16) years late.

The Court directed Petitioner to show cause why this case should not be dismissed as time barred. Petitioner's response did not address the timeliness of his §2254 Petition. Instead, it attempted to explain why his 2002 state court post-conviction motion was late. *See* ECF No. 5 at 3-4. Petitioner does not provide any explanation for the time between the 2005 denial of his state post-conviction relief and the 2024 initiation of this case.[2] As such, there is no evidence to suggest that Petitioner was diligently pursuing his rights and that some extraordinary circumstance prevented him from filing his petition in a timely manner. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). Petitioner presents no extraordinary circumstance that has prevented the timely filing of his § 2254 petition. Consequently, the Court finds that the instant § 2254 Petition was filed late, and that equitable tolling does not apply here.

### Conclusion

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed over sixteen (16) years late. Equitable tolling is not warranted here. Therefore, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied and dismissed as time barred.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED** as time barred. *See* 28 U.S.C. § 2244(d)(1).

---

[2] Even if the Court were to subtract the 149 days during which Petitioner's second state-court motion for post-conviction relief was pending (May 31, 2023 to October 26, 2023), the instant § 2254 petition would still be over sixteen years late.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of June, 2024.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**